JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Rodrican Pavlick appeals from his convictions after a bench trial on three counts, viz., trafficking in PCP, possession of PCP, and possession of criminal tools.
 {¶ 2} Appellant asserts his convictions are sustained by neither sufficient evidence nor the weight of the evidence. Following a review of the record, this court disagrees. Therefore, appellant's convictions are affirmed.
 {¶ 3} Appellant's convictions result from a Cleveland Police Department investigation of a downstairs residential unit in a house located at 1068 East 71st Street. The investigation originally had been triggered by neighbor complaints and police officer observation of what appeared to be drug sales taking place there.
 {¶ 4} During the investigation, police detective Edwin Cuadra, under the supervision of Narcotics Unit Detective Scott Hencke, made two "controlled buys" of crack cocaine at the residence. These took place on November 21 and November 29, 2001, through the use of a confidential reliable informant (a "CRI"). The CRI, who was being funded and covertly observed by Cuadra, met appellant at the door of the residence each time. The CRI returned with .52 grams of the substance on the first occasion, and .72 grams on the second.
 {¶ 5} The detectives subsequently obtained a search warrant for the premises. With four other colleagues, Henke and Cuadra executed the warrant on the evening of December 4, 2001. Detective Ruffin was one of the first officers to gain ingress to the unit; based upon the investigation, Ruffin immediately proceeded to the first bedroom to the right of the entry door.
 {¶ 6} As he moved, Ruffin noticed a man later identified as co-defendant Sheldon Reeves standing before him. Reeves appeared to have been approaching the entryway while removing an item from his waistband, but, seeing the police officers already inside, Reeves quickly turned and went into the bedroom. Ruffin observed Reeves make a movement toward the bed that indicated he was placing the item under it.
 {¶ 7} Within seconds, the detectives also were in the bedroom. They ordered appellant and the two others with him, Reeves and another man later identified as Ulysses Goodwin, to lie on the floor where they stood. The three men complied.
 {¶ 8} After the suspects had been handcuffed, the detectives raised them one at a time. On the floor where appellant had been, the officers discovered $520 in cash. A pat-down search of Reeves also yielded cash; he carried approximately $100 in both a front and a rear pants pocket. Goodwin carried a small brown glass vial in one of his pants pockets.
 {¶ 9} The detectives also found a bag containing several rocks of crack cocaine on the bed, a gun under the bed in the location Reeves had placed the item he had been carrying, and three more brown glass vials approximately three feet away from appellant's location in the room behind one of the bedroom doors. One bottle was larger than the others, and the two others were similar in size to the one Goodwin had on his person. Later analysis of the contents of the vials indicated they each contained amounts of the drug commonly known as "PCP."
 {¶ 10} Appellant subsequently was charged with his two co-defendants in an eight-count indictment; six of the charges applied to appellant. After entering waivers of their right to a jury trial, appellant and Reeves were tried together to the bench.
 {¶ 11} The trial court eventually found appellant guilty of three of the charges, viz., trafficking in PCP, possession of PCP, and possession of criminal tools, to wit: money. Appellant was found not guilty of the other three charges and not guilty of the firearm specification contained in one of the counts. Upon receiving his sentence of concurrent terms of incarceration of one year on each count, appellant instituted this appeal.
 {¶ 12} Appellant presents the following assignments of error for review:
"I. The Court's Decision Finding Appellant Guilty of Drug Possession was not Supported by Sufficient Probative Evidence, and was Against the Manifest Weight of the Evidence.
The court's decision finding appellant guilty of drug trafficking was not supported by sufficient evidence, and was against the weight of the evidence.
The court's decision finding appellant guilty of possession of criminal tools was not supported by sufficient evidence, and was against the manifest weight of the evidence."
 {¶ 13} Appellant argues his convictions for each of the three offenses are improper as they are unsupported by either sufficient evidence or the weight of the evidence. Appellant contends the trial court should have granted his motions for acquittal on the basis the state failed to prove either that he possessed the PCP or criminal tools, or that he trafficked in the PCP. Appellant's argument is unpersuasive.
 {¶ 14} A defendant's motions for acquittal should be denied if the evidence is such that reasonable minds could reach different conclusions as to whether each material element of the crimes has been proven beyond a reasonable doubt. State v. Dennis, 79 Ohio St.3d 421, 1997-Ohio-372;State v. Jenks (1991), 61 Ohio St.3d 259; State v. Bridgeman (1978),55 Ohio St.2d 261. The trial court is required to view the evidence in a light most favorable to the state. State v. Martin (1983),20 Ohio App.3d 172.
 {¶ 15} With regard to an appellate court's function in reviewing the weight of the evidence, this court is required to consider the entire record and determine whether in resolving any conflicts in the evidence, the trier-of-fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. at 175.
 {¶ 16} Thus, this court must be mindful that the weight of the evidence and the credibility of the witnesses are matters primarily for the trier-of-fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 17} Although the mere presence of a person in the vicinity contraband is not enough to support the element of possession, if the evidence demonstrates defendant was able to exercise dominion or control over the illegal objects, defendant can be convicted of possession. Statev. Wolery (1976), 46 Ohio St.2d 316; cf., State v. Haynes (1971),25 Ohio St.2d 264. Moreover, where an amount of readily usable drugs is in close proximity to a defendant, this constitutes circumstantial evidence to support the conclusion that the defendant was in constructive possession of the drugs. State v. Stevens (Oct. 18, 2001), Cuyahoga App. No. 78958; State v. Benson (Dec. 24, 1992), Cuyahoga App. No. 61545;State v. Pruitt (1984), 18 Ohio App.3d 50. Circumstantial evidence alone is sufficient to support the element of constructive possession. Statev. Jenks, supra; State v. Lavender (Mar. 12, 1992), Cuyahoga App. No. 60493.
 {¶ 18} In this case, the three detectives provided evidence establishing every element of the offenses. Cuadra testified he observed during the controlled buys that appellant twice opened the door of the residence in response to the CRI's knock. On the first occasion, appellant retreated inside for a moment, then returned to hand the CRI contraband drugs in exchange for cash. On the second occasion, the CRI returned with the drugs and without the money after following appellant into the residence.
 {¶ 19} Hencke testified he found personal items and papers that belonged to appellant in the residence; these included appellant's state identification card in the kitchen. He also found three vials of PCP in the bedroom. One was a large one, two were small ones; the two small ones were the same size as the one Goodwin had in his pants pocket. These three bottles had been placed on the floor behind a bedroom door within three feet of appellant. Hencke further testified that upon the officers' entry into the bedroom, appellant immediately was ordered to the floor. When the detectives hauled him to his feet after his arrest, appellant was found to have been lying on a large amount of money. Ruffin corroborated Hencke's statements.
 {¶ 20} This evidence constituted circumstantial proof that appellant was conducting a drug-trafficking business out of the residence. Not only did he sell drugs himself, he also placed larger amounts of PCP into smaller vials, provided them to his cohorts, and collected the cash obtained when the drugs were sold.
 {¶ 21} On similar facts, this court has determined a defendant's convictions for drug possession, drug trafficking, and possession of criminal tools were proper. State v. Porter, Cuyahoga App. No. 81123, 2002-Ohio-6054; State v. Hopkins (Sept. 5, 2001), Cuyahoga App. No. 80652; State v. Mason (July 5, 2001), Cuyahoga App. No. 78606.
 {¶ 22} Consequently, appellant's assignments of error are overruled.
 {¶ 23} Appellant's convictions are affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anne L. Kilbane, J. concurs.
In judgment only and concurs with the separate concurring opinion Diane Karpinski, J. concurs with a separate concurring opinion.