JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Darryl Johnson ("appellant"), appeals his conviction for drug possession, drug trafficking, and possession of criminal tools. In the early morning hours on April 15, 2002, Cleveland police officers observed loud music coming from a car on West 6th
Street. The officers approached the car, a Pontiac convertible with the top down, to tell the driver, later identified as Lavelle Gibson ("Gibson"), to turn down the music.
 {¶ 2} The officers split up and approached the two sides of the car. One of the officers asked Gibson for his driver's license, while the other officer used his flashlight to look into the back seat of the car. Using his flashlight, the officer signaled to his partner that he noticed on the back seat suspected narcotics. According to both officers, there were several plastic baggies of suspected narcotics in plain view, directly behind the driver's seat, and on top of two jackets. As a result of their observation, Gibson was advised that he was being arrested for possession of narcotics, he was placed in handcuffs and taken back to the officers' zone car. The officers secured the narcotics.
 {¶ 3} While the officers were talking to Gibson in the zone car, they observed appellant and Walter Lanier ("Lanier") approaching Gibson's car. When appellant and Lanier made eye contact with the officers, they turned around to leave. The officers followed them, asked them to stop, but they continued walking. When the officers finally caught up to them and asked them why they did not stop when the officers asked them to, appellant informed the officers that he was meeting a friend in the back of the parking lot. Because there were no cars and no people in the parking lot, the officers escorted appellant and Lanier to the zone car.
 {¶ 4} Both appellant and Lanier provided false names to the officers, but their true names were determined. According to one of the officers, before any questioning began (other than asking for their names), appellant voluntarily stated: "Those drugs you found in the back of the car are not mine." At that point, the officers placed appellant and Lanier under arrest for possession of narcotics.
 {¶ 5} The officers performed a patdown of the three suspects near the zone car and found several plastic baggies on appellant. Later, after a final patdown of appellant at the Justice Center, the officers found more plastic baggies on appellant, totaling 19. Appellant was also wearing two pairs of pants. Nothing was found on Lanier. Before leaving the scene, appellant requested his coat, which was the white sweatshirt in Gibson's car, and his cell phone, which was also located in Gibson's car.
 {¶ 6} When the three suspects were booked, $561, a cell phone, and a pager were confiscated from Gibson, and $65 from appellant. Gibson was later identified as the owner of the car. In addition, the narcotics confiscated by the officers tested positive for cocaine in a rock-like form, which is a Schedule II drug in Ohio. The narcotics seized weighed more than 10 grams.
 {¶ 7} In connection with his appeal, appellant asserts two assignments of error.
 I {¶ 8} Appellant's first assignment of error contends that he was deprived of a fair trial because the state improperly asked leading questions of Gibson, the state's witness, after he asserted his Fifth Amendment right. In essence, appellant argues that once Gibson asserted his Fifth Amendment right and remained silent, the state was precluded from asking Gibson leading questions that would have impeached a prior inconsistent statement made by him. This argument is without merit.
 {¶ 9} Evid.R. 611(C) provides as follows:
 {¶ 10} "Leading questions. Leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony. Ordinarily leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions."
 {¶ 11} It is wholly within the discretion of the trial court to permit the state to ask leading questions of its own witnesses. State v.Miller (1988), 44 Ohio App.3d 42, 45, 541 N.E.2d 105. As stated in Statev. Lewis (1982), 4 Ohio App.3d 275, 278, 448 N.E.2d 487, "[t]he exception `except as may be necessary to develop his testimony' is quite broad and places the limits upon the use of leading questions on direct examination within the sound judicial discretion of the trial court."
 {¶ 12} Here, the state called Gibson to testify. After Gibson gave his name, he asserted his Fifth Amendment right. However, the court required that Gibson answer where he lived, his height, and whether he owned a 1996 Pontiac convertible (which he answered affirmatively). Gibson refused to answer if he knew appellant, refused to answer if he was arrested on April 15, 2002, refused to answer if he made any statements to the police on April 15, 2002, and refused to answer if Gibson told the police that the drugs in his car were the appellant's. In relation to the state's question as to whether Gibson told the police that the drugs in his car were the appellant's, appellant's counsel raised an objection, which the trial court overruled and stated "[h]e can take the fifth amendment." There is nothing in the record to suggest that the trial court overstepped its broad discretion in allowing the state to ask leading questions of Gibson. Nor is there anything in the record to suggest that the state's leading questions to Gibson deprived appellant of a fair trial, especially in light of the other evidence presented to the jury. Because the trial court did not abuse its discretion in allowing the state to ask leading questions of Gibson, appellant was not deprived of a fair trial.
 II {¶ 13} Appellant's second assignment of error contends that the evidence was insufficient to sustain appellant's conviction for drug possession, drug trafficking, and possession of criminal tools. In particular, appellant asserts that the evidence presented established only that appellant was present at the time of the offense and that mere presence in the vicinity is not sufficient to sustain a conviction. However, viewed in the light most favorable to the state, appellant's assertion is without merit.
 {¶ 14} "Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict * * *." State v. Smith, 80 Ohio St.3d 89, 113, 1997-Ohio-355. In reviewing the record for sufficiency, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id., quoting State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Richard (Dec. 7, 2000), Cuyahoga App. No. 76796.
 {¶ 15} Here, appellant was convicted of drug possession, drug trafficking, and possession of criminal tools. Our review entails examining the evidence admitted at trial to determine if any rational trier of fact could have found the essential elements of the crimes proven beyond a reasonable doubt.
 {¶ 16} First, R.C. 2925.11 prohibits any person from knowingly possessing a controlled substance, such as cocaine. Although appellant asserts that there was no evidence presented at trial that the cocaine found belonged to him, "possession" means having control over the substance. See R.C. 2925.01(K). Thus, while proof of presence in the vicinity of the cocaine is not enough to prove possession, if the evidence presented at trial supports that the cocaine was in the appellant's constructive possession, such as where the appellant was in close proximity to the drugs, a rational trier of fact can conclude that it was within the appellant's dominion and control. State v. Pruitt
(1984), 18 Ohio App.3d 50, 58, 480 N.E.2d 499.
 {¶ 17} Here, although the officers did not find cocaine on appellant's person, appellant admitted that it was his white sweatshirt upon which the cocaine was sitting. This, coupled with his statement to the police officers before they questioned him that the drugs in the car were not his, show knowledge of the drugs and that he believed he was stopped because of those drugs in the car. Because of the evidence presented at trial, a rational trier of fact could have found that appellant "possessed" drugs.
 {¶ 18} Second, R.C. 2925.03 prohibits a person from knowingly preparing a controlled substance for distribution or sale. In addition, R.C. 2923.03(A) and (F) provides that anyone who is guilty of aiding or abetting another in committing the offense shall be prosecuted as if he were the principal offender. A person aids or abets another when he supports, assists, encourages, cooperates with, advises, or incites the principal in the commission of the crime and shares the criminal intent of the principal. State v. Johnson, 93 Ohio St.3d 240, 245-246,2001-Ohio-1336. Such intent may be inferred from the circumstances surrounding the crime. Id. at 246.
 {¶ 19} Here, when examining the circumstances of the crime, a rational trier of fact could have found that appellant aided and abetted in drug trafficking. The cocaine was found on top of appellant's white sweatshirt in Gibson's car, 19 plastic baggies (the type that are often used to package cocaine) were found on appellant's person, appellant did not stop when the police officers asked him to stop, appellant initially gave the police officers a false name, appellant wore layered clothing consistent with drug dealers who want to conceal their drugs, and appellant voluntarily stated (without being asked) that the drugs in Gibson's car were not his. Based on the circumstances of this case, appellant's intent to assist in the distribution of the cocaine can be inferred.
 {¶ 20} Finally, R.C. 2923.24(A) prohibits any person from possessing any "substance, device, instrument, or article, with purpose to use it criminally." Here, 19 plastic baggies, similar in style to the plastic bag that contained the cocaine on top of appellant's white sweatshirt and consistent with the type of plastic baggies used to traffic drugs, were found on appellant's person. Coupled with the other circumstances, any rational trier of fact could have found that appellant possessed the baggies to distribute or sell cocaine. As a result, appellant's second assignment of error is without merit.
 {¶ 21} The judgment is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kenneth A. Rocco, A.J., and Colleen Conway Cooney, J., concur.