JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Roy Greene ("Greene") appeals his conviction for possession of drugs and possessing criminal tools entered after a jury trial in the Cuyahoga County Court of Common Pleas. For the reasons stated below, we affirm.
 {¶ 2} The facts, as adduced at the jury trial, are as follows. On August 28, 2002, Detective Roland Mitchell (" Mitchell"), of the Cleveland Police Department, and other detectives were conducting a drug investigation surveillance of an apartment building at 5815 Lawn in Cleveland After observing some foot and vehicular traffic to and from the building, the detectives confirmed with sources on the street that people were selling drugs within the building. Thereafter, the detectives had a confidential reliable informant ("CRI") execute a controlled buy. The CRI purchased a rock of crack cocaine.
 {¶ 3} The detectives obtained a search warrant for 5815 Lawn that they went to execute on August 30, 2002. The target individual was a male with the street name" C." While conducting surveillance of the target apartment, Mitchell observed a male fitting the description of "C" exit the premises with a female and drive off in a vehicle that had been parked out front. The vehicle was stopped and the driver was identified as Charles Goodson, also known as "C." The female in the vehicle was identified as Veronica Mullins. Goodson and Mullins were the leaseholders of the target apartment.
 {¶ 4} Mitchell returned to 5815 Lawn and approached an entrance door. While approaching the door, Mitchell noticed a light in the target apartment and peeked through the living room window. Mitchell testified he could see directly through to the kitchen and saw two males seated at the kitchen table. Mitchell indicated that the two men were seated side by side and were handling something on top of the table with their hands. Mitchell also stated he could see containers from Burger King on the table.
 {¶ 5} Mitchell entered the apartment and approached the kitchen door where he could see the two men sitting close to the edge of the table. Mitchell also observed drugs, bags, and a scale on the table. However, Mitchell's attention was quickly diverted by a dog that ran from underneath the table. A juvenile appeared from a back bedroom and grabbed the dog. Mitchell then secured the males. Among the items found on the table was a small stack of money, crack cocaine, plastic bags, a scale with white residue on top, and a cellular phone. Mitchell testified that these items were on the table right next to the hands of the men. The men were later identified as Greene and George Griffin ("Griffin").
 {¶ 6} At the conclusion of the state's case, defense counsel made a motion for judgment of acquittal. The court denied the motion.
 {¶ 7} Greene testified that he went to the apartment to give Griffin a ride. When he arrived, he beeped his horn for Griffin and a boy opened the door stating that Griffin wanted Greene to come inside the house. Greene stated he went inside and sat down next to Griffin who indicated they had to wait for Charles Goodson to come back. Greene testified the police came in the door not even 45 seconds after he sat down.
 {¶ 8} Greene also testified he noticed the drugs, recognized the drug as cocaine, and knew that plastic is used for bagging up cocaine. However, he stated he did not think anything of the drugs and did not do anything with the drugs. He stated he only planned on staying long enough to pick up Griffin. Greene also testified he had never been charged with trafficking cocaine or possessing cocaine and had never used cocaine. No items were recovered from Greene's person.
 {¶ 9} The jury found Greene guilty of possession of drugs in violation of R.C. 2925.11 and of possessing criminal tools, without specifications, in violation of R.C. 2923.24. The jury also found Greene not guilty of drug trafficking in violation of R.C. 2925.03.
 {¶ 10} Greene filed this appeal raising two assignments of error for our review. Greene's first assignment of error provides:
 {¶ 11} "I. The trial court erred in denying appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence that appellant was involved in and/or knowingly committed these crimes."
 {¶ 12} Crim.R. 29(A) governs motions for acquittal and provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction * * *." The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. Id. In essence, sufficiency is a test of adequacy.State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine.State v. DeHass (1967), 10 Ohio St.2d 230, 231.
 {¶ 13} The statutes under which Greene was convicted provide:
 {¶ 14} "R.C. 2925.11 Possession of drugs. (A) No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 15} "R.C. 2923.24 Possessing criminal tools. (A) No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."
 {¶ 16} A person acts knowingly, regardless of his or her purpose, when that person is aware that his or her conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B). It is necessary to look at all the attendant facts and circumstances in order to determine if a defendant knowingly possessed a controlled substance. State v.Teamer (1998), 82 Ohio St.3d 490, 492. Possession is defined as having" control over a thing or substance," but it may not be inferred, however, solely from "mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).
 {¶ 17} Here, Greene argues there was no evidence that he had anything to do with the drugs on the table or that he ever obtained, possessed, or used any drugs at all. Greene claims nothing links him to the drugs or criminal tools on the table other than the fact that he had just arrived and had been sitting at the table for 45 seconds when the detectives entered. Greene also states Goodson, the target of the investigation, had just left and Griffin was already there. Further, Greene argues that his mere presence was not enough to sustain a conviction.
 {¶ 18} Although Greene claims there was no evidence linking the drugs or criminal tools to him, "possession" means having "control over a thing or substance." R.C. 2925.01(K). Further, possession can be actual or constructive. State v. Wolery
(1976), 46 Ohio St.2d 316, 329; State v. Haynes (1971),25 Ohio St.2d 264, 267; State v. Barr (1993), 86 Ohio App.3d 227, 235. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87, at the syllabus. As we stated in State v. Johnson, Cuyahoga App. No. 82340, 2003-Ohio-6634," while proof of presence in the vicinity of the cocaine is not enough to prove possession, if the evidence presented at trial supports that the cocaine was in the appellant's constructive possession, such as where the appellant was in close proximity to the drugs, a rational trier of fact can conclude that it was within the appellant's dominion or control." Id. citing State v. Pruitt (1984), 18 Ohio App.3d 50, 58.
 {¶ 19} Moreover, proof by circumstantial evidence is sufficient to support constructive possession. See State v.Jenks (1991), 61 Ohio St.3d 259, 272-73. As recognized in Statev. Burnett, Franklin App. No. 02AP-863, 2003-Ohio-1787, "the mere presence of an individual in the vicinity of illegal drugs is insufficient to establish the element of possession. However, if the evidence demonstrates that the individual was able to exercise dominion or control over the drugs, that individual can be convicted of possession. Circumstantial evidence alone may be sufficient to support the element of constructive possession. `All that is required for constructive possession is some measure of dominion or control over the drugs in question, beyond mere access to them.' [In re Farr (Nov. 9, 1993), Franklin App. No. 93AP-201]. The discovery of readily accessible drugs in close proximity to a person constitutes circumstantial evidence that the person was in constructive possession of the drugs."Burnett, supra (internal citations omitted); see, also, Statev. Pavlick, Cuyahoga App. No. 81925, 2003-Ohio-6632 (recognizing readily usable drugs in close proximity to a defendant constitutes circumstantial evidence to support a finding of constructive possession).
 {¶ 20} Applying the foregoing, we note that the state's evidence demonstrated Greene was found sitting at the kitchen table where the drugs and criminal tools were confiscated. Therefore, the drugs and criminal tools were in close proximity to Greene. The mere fact that others were in the apartment does not mean that Greene could not exercise dominion and control over the drugs and criminal tools.
 {¶ 21} Reviewing this evidence in a light most favorable to the prosecution, any rational trier of fact could have found that Greene knowingly possessed crack cocaine and possessed criminal tools. Greene's first assignment of error is overruled.
 {¶ 22} Greene's second assignment of error provides:
 {¶ 23} "Appellant's conviction is against the manifest weight of the evidence."
 {¶ 24} In reviewing a claim challenging the manifest weight of the evidence, we are directed as follows: "`[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 25} Moreover, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. State v. Martin, 20 Ohio App.3d at 175.
 {¶ 26} Greene claims there is no evidence that he had possession of the drugs on the table. Greene testified he was at the apartment to pick up Griffin. However, there was also testimony from Detective Mitchell that he observed Greene through the window sitting next to Griffin and both were handling something on the table. Mitchell also testified that when he entered the kitchen, he saw Greene sitting up close to the table and the drugs and criminal tools were right next to his hands. Greene also testified to his awareness of what the drugs were.
 {¶ 27} Since the weight to be given evidence and the credibility of witnesses are primarily for the trier of fact, it is evident that the jury chose to believe that Greene's testimony at trial was not truthful. While this court may consider the credibility of witnesses in reviewing the record, we accord due deference to the jurors' judgments since the jury had the opportunity to view the witnesses' testimony and adjudge their credibility.
 {¶ 28} In considering the attendant facts and circumstances discussed above, a rational trier of fact could have found Greene knowingly exercised dominion and control over the drugs and criminal tools. It was therefore reasonable for the jury to conclude Greene had constructive possession of the drugs and criminal tools confiscated from the kitchen table.
 {¶ 29} In light of the foregoing analysis, we cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction is against the manifest weight of the evidence. Greene's second assignment of error is overruled.
 {¶ 30} The judgment is affirmed.
Judgment affirmed.
 Karpinski, P.J., and Calabrese, Jr., J., concur.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.