JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Jermaine Dunn appeals from his conviction after a trial to the bench for possession of crack cocaine.
 {¶ 2} Appellant argues his conviction is unsupported by sufficient evidence. He further argues his conviction is unsupported by the weight of the evidence. Since appellant's first argument has merit, his second is moot, and his conviction is reversed and vacated.
 {¶ 3} Appellant's conviction stems from an incident that occurred on the early afternoon of March 6, 2003. Cleveland police officer Sean Smith was driving his patrol car in the company of his partner, Robert Martin. While proceeding westbound on St. Clair Avenue near the intersection of East 140th
Street, the officers noticed as it passed eastbound a maroon Chevrolet Corsica that lacked a front license plate. Two men were inside the Corsica, the driver, later identified as Arlington Wilson, and the front-seat passenger, later identified as appellant Jermaine Dunn.
 {¶ 4} Smith immediately made a u-turn. Although the Corsica was not exceeding the speed limit, the absence of the plate made Smith suspicious that the car might have been stolen. As Smith followed the Corsica, he noticed that its speed had increased. The driver quickly made a right turn onto East 143rd Street, and pulled into the nearest driveway, which belonged to a small apartment building. The Corsica proceeded to the garage area behind the building.
 {¶ 5} Smith blocked the driveway as he stopped his patrol car. He and Martin had time only to open their doors when both occupants of the Corsica exited it. The officers, fearing the men would flee, pulled their weapons out, pointed them at the men, and told them to stop. The men complied.
 {¶ 6} The officers came closer to the Corsica, and immediately noticed the strong odor of marijuana smoke. Martin "asked them where the marijuana was." Wilson and Dunn indicated "they had just finished smoking a blunt and there was nothing left."
 {¶ 7} At that point, Smith "detained them so [Martin] could search for more marijuana that might be in the car." Martin looked in the places he ordinarily found drugs concealed, and, thus, soon noticed, "right above where the rear view mirror was," that the "roof, the inside roof, where it meets the windshield, was loose."
 {¶ 8} Nothing was visible from the outside, but the" seal was broken." Martin reached his fingers into the area, whereupon he "felt a napkin and something in the napkin consistent with what would be crack cocaine." Martin extracted the object, opened the napkin, and "indeed there was some crack cocaine in there." Later laboratory analysis established the weight of the five rocks of crack cocaine at 1.18 grams.
 {¶ 9} Wilson and appellant were at that time arrested. A pat-down search of Wilson yielded "$21 and a cell phone" while appellant was found to be carrying "$360 in U.S. currency and a cell phone."
 {¶ 10} Appellant subsequently was indicted with Wilson on three counts, viz., drug trafficking, possession of crack cocaine in an amount less than five grams, and possession of criminal tools. Both defendants executed jury waivers, so they were tried together to the bench. After hearing the testimony of Martin, Smith and the laboratory technician, the trial court granted the defendants' motions for acquittal on two of the counts, but denied them on the count of possession of crack cocaine. The trial court ultimately made a finding of guilt as to each defendant on this count.
 {¶ 11} Following a pre-sentence investigation and report, the trial court sentenced appellant to three years of conditional community control sanctions.
 {¶ 12} Appellant challenges his conviction with the following two assignments of error:
 {¶ 13} "I. The trial court erred in denying Appellant's motion for acquittal as to the charge when the state failed to present sufficient evidence that [A]ppellant was involved in and/or knowingly committed this crime.
 {¶ 14} "II. Appellant's conviction is against the manifest weight of the evidence."
 {¶ 15} Appellant argues his conviction is supported by neither sufficient evidence nor the weight of the evidence. He first contends the state failed to prove he possessed the crack cocaine found hidden in the Corsica's ceiling lining; therefore, his motion for acquittal on this charge improperly was overruled and his conviction must be vacated. Appellant's argument has merit.
 {¶ 16} A defendant's motion for acquittal should be denied only if the evidence, when viewed in a light most favorable to the state, is such that reasonable minds could reach different conclusions as to whether each material element of the crime has been proven beyond a reasonable doubt. State v. Dennis,79 Ohio St.3d 421, 1997-Ohio-372; State v. Jenks (1991),61 Ohio St.3d 259; State v. Bridgeman (1978), 55 Ohio St.2d 261; State v.Martin (1983), 20 Ohio App.3d 172.
 {¶ 17} The mere presence of a person in the vicinity of contraband is not enough to support the element of possession. Constructive possession requires, instead, " some evidence that the [defendant] exercised or has the power to exercise dominion or control over the object, even though that object may not be within his immediate physical possession." State v. Miller,
Cuyahoga App. No. 81608, 2003-Ohio-1168, citing State v.Hankerson (1982), 70 Ohio St.2d 87, at syllabus (Emphasis added).
 {¶ 18} Thus, this court has found that an amount of readily usable drugs in close proximity to a defendant, in a situation in which he was the only person who could have placed them in their location, constitutes circumstantial evidence to support the conclusion that the defendant was in constructive possession of the drugs. State v. Johnson (May 31, 2001), Cuyahoga App. No. 78305; State v. Pavlick, Cuyahoga App. No. 81925, 2003-Ohio-6632.
 {¶ 19} In this case, appellant merely was a passenger in the Corsica. The evidence demonstrated nothing beyond the fact that he was present in the car; he was neither the owner nor the driver, nor did he make any movements while the officers observed him.
 {¶ 20} The state theorized that appellant was "aiding and abetting" Wilson. However, to sustain a conviction for aiding and abetting, the state must prove "two elements: an act on the part of the defendant contributing to the execution of a crime and the intent to aid in its commission." State v. Miller, supra;State v. Sims (1983), 10 Ohio App.3d 56, 59. Once again, the officers indicated appellant took no action beyond exiting the Corsica with Wilson. "Being present * * * absent some preceding
connection with the transaction or conspiracy is not aiding and abetting." Id. (Emphasis added.)
 {¶ 21} Thus, the state presented absolutely no circumstance upon which to base a conjecture that appellant either knew the hidden crack cocaine was present in the car, or that he knowingly "aided" Wilson in committing the offense of drug possession.State v. Miller, supra; cf., State v. Greene, Cuyahoga App. No. 82948, 2004-Ohio-2008. On the facts of this case, therefore, the trial court improperly denied appellant's motion for acquittal.
 {¶ 22} Accordingly, appellant's first assignment of error is sustained.
 {¶ 23} Only if the conviction is sustained by sufficient evidence does the appellate court proceed to consider the weight of the evidence. State v. Thompkins, 78 Ohio St.3d 380 at 387, 1997-Ohio-52; State v. Martin, supra. Pursuant to the foregoing disposition, appellant's second assignment of error is moot. App.R. 12(A)(1)(c).
 {¶ 24} Appellant's conviction, since it was based upon insufficient evidence, is reversed and vacated.
Appellant's conviction is reversed and vacated and this cause is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J. and Gallagher, J. concur.