ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court record and briefs of counsel.
 {¶ 2} Appellant Harry Dunn, Jr. ("Dunn") appeals his conviction in the Cuyahoga County Court of Common Pleas for possession of drugs in violation of R.C. 2925.11. For the reasons stated below, we affirm.
 {¶ 3} On February 14, 2004, Dunn was a back seat passenger in a car that was owned and operated by Jamie Porter. A third occupant of the vehicle, Darnell Jefferson, was sitting in the front passenger seat. The vehicle was stopped by Cleveland police officers Christopher Ereg and Tad Bishop for failing to properly signal a turn when it exited the Amesbury Park Apartments at East 93rd and Amesbury.
 {¶ 4} Officer Ereg testified that the apartment complex is known as "Waterworld" because it is where "wet" can be obtained. "Wet" is the street name for the liquid form of PCP.
 {¶ 5} After the officers stopped the subject car and began to approach it, they noticed a strong, distinct odor of PCP coming out of the vehicle. Officer Ereg observed the front passenger had something in his hand and made a furtive movement to attempt to hide it. When Officer Ereg looked into the vehicle, he could see four cigarettes wrapped in a clear cellophane that he described as "wet to look at, and they looked to be freshly dipped in PCP." The parties stipulated at trial that the cigarettes taken from the vehicle were coated with PCP.
 {¶ 6} Officer Ereg testified that Dunn was sitting in the back seat within arm's reach of the four cigarettes. The officer also testified both Dunn and Darnell Jefferson stated they were going to get high that night. Further, Officer Ereg testified that Jamie Porter, the driver, stated Dunn and Darnell Jefferson brought her to Amesbury to buy "wet."
 {¶ 7} Dunn was charged and convicted on one count of possession of drugs. He has appealed his conviction, raising three assignments of error for our review. His first and second assignments of error provide:
 {¶ 8} "I: The trial court erred in denying appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence that appellant was involved in and knowingly committed the crime."
 {¶ 9} "II: Appellant's conviction is against the manifest weight of the evidence."
 {¶ 10} When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Leonard, 104 Ohio St.3d 54, 67, 2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 11} In this case, Dunn was convicted of possession of drugs. R.C.2925.11, possession of drugs, provides: "(A) No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 12} A person acts knowingly, regardless of his or her purpose, when that person is aware that his or her conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B). In order to determine if a defendant knowingly possessed a controlled substance, it is necessary to look at all the attendant facts and circumstances. State v. Teamer (1998), 82 Ohio St.3d 490, 492.
 {¶ 13} Possession is defined as having "control over a thing or substance," and can be actual or constructive. State v. Greene, Cuyahoga App. No. 82948, 2004-Ohio-2008. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87, at the syllabus.
 {¶ 14} As we stated in State v. Johnson, Cuyahoga App. No. 82340, 2003-Ohio-6634, "while proof of presence in the vicinity of the cocaine is not enough to prove possession, if the evidence presented at trial supports that the cocaine was in the appellant's constructive possession, such as where the appellant was in close proximity to the drugs, a rational trier of fact can conclude that it was within the appellant's dominion or control." Id., citing State v. Pruitt (1984),18 Ohio App.3d 50, 58. Moreover, "[t]he discovery of readily accessible drugs in close proximity to a person constitutes circumstantial evidence that the person was in constructive possession of the drugs." Greene, supra, quoting State v. Burnett, Franklin App. No. 02AP-863, 2003-Ohio-1787; see, also, State v. Pavlick, Cuyahoga App. No. 81925, 2003-Ohio-6632 (recognizing readily usable drugs in close proximity to a defendant constitutes circumstantial evidence to support a finding of constructive possession).
 {¶ 15} In this case, Dunn disputes the evidence showing that he had knowledge of the presence of the PCP or that he could recognize the odor of PCP. Dunn also claims there was insufficient evidence to establish that he had constructive possession of the drugs, since the evidence presented was limited to his mere proximity to the drugs. Upon our review, we find the circumstantial evidence presented was sufficient to support Dunn's conviction.
 {¶ 16} The testimony at trial established that Dunn was in the vehicle where the four cigarettes laced with PCP were found, there were only three occupants in the vehicle, Dunn was within close proximity to the cigarettes, Dunn had taken Porter to Amesbury to buy the "wet," and Dunn intended to "get high" that night. We find that based on the totality of the circumstances, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 {¶ 17} Next, in reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Leonard, 104 Ohio St.3d at 68 (internal quotes and citations omitted). Upon our review, we find the jury did not clearly lose its way and that substantial evidence existed to find all of the elements proven beyond a reasonable doubt.
 {¶ 18} Although not raised as an assignment of error, Dunn raises several issues with the prosecutor's conduct at trial. Dunn argues that several incorrect statements were made at trial regarding the law of constructive possession. A review of the transcript reflects that Dunn's counsel objected and that the trial court gave a proper instruction on constructive possession. We find no merit to Dunn's argument.
 {¶ 19} Dunn's first and second assignments of error are overruled.
 {¶ 20} Dunn's third assignment of error provides:
 {¶ 21} "III: Harry Dunn was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 22} To establish ineffective assistance of counsel, a defendant must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) resulting prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different."State v. Sapp, 105 Ohio St.3d 104, 2004-Ohio-7008. Dunn argues his trial counsel's performance was deficient for failing to object to the introduction of statements made by his co-defendants through the testimony of Officer Ereg and for failing to object to the jury instruction on constructive possession. A review of the transcript reflects that a proper jury instruction was provided on constructive possession. We find no merit to Dunn's argument that additional statements of the law pertaining to constructive possession should have been provided in this case.
 {¶ 23} With respect to the co-defendants' statements, we find that any error in introducing these statements was harmless. The statement made by Darnell Jefferson that they were going to get high was cumulative to Dunn's own statement to that effect. Further, introduction of Jamie Porter's statement that the other two had taken her to buy "wet" was not prejudicial in light of the other evidence at trial. Also, there was sufficient independent evidence of Dunn's guilt, as discussed above, to render the co-defendants' statements that were admitted harmless beyond a reasonable doubt.
 {¶ 24} We find Dunn has failed to establish ineffective assistance of counsel and overrule his third assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Christine T. McMonagle, J., and Michael J. Corrigan, J., Concur.