JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Shamar Howard ("Howard"), appeals his conviction and sentence for possession of drugs after a bench trial in the Cuyahoga County Court of Common Pleas. We affirm the judgment, vacate the sentence and remand for resentencing.
 {¶ 2} The following facts give rise to this appeal. On March 31, 2004, members of the Cleveland Police Department executed a search warrant at a duplex located at 3137 West 84th Street in Cleveland, Ohio. The search warrant covered both the upstairs and downstairs units and was the result of an investigation of numerous neighborhood complaints of illegal activity (i.e., drugs, prostitution) at the house.
 {¶ 3} During the execution of the warrant, Howard was discovered in the upstairs unit in the west bedroom, alone. On a blanket on the floor, the officers found a rock of crack cocaine, two small baggies with cocaine residue, and crumbs of crack cocaine. There were no other drugs found in this unit. The detectives testified that Howard said he was there to "party."
 {¶ 4} At trial, Howard took the stand in his defense. He testified that he was there only to pick up a girl named Tammy and take her to a party. He said that Tammy and another male were smoking the crack cocaine in the bedroom where he was found and that they ran out when the police busted through the door. Howard claimed he had never used drugs, nor had he been around that house before that day.
 {¶ 5} The trial court found Howard guilty of possession of drugs, a fifth degree felony, and sentenced him to eleven months in prison, and then suspended all but six months of the prison term. Howard appeals, advancing four assignments of error for our review.
 {¶ 6} Howard's first and third assignments of error read as follows:
 {¶ 7} "I. There was insufficient evidence to support a finding of guilt for the offense of possession of drugs."
 {¶ 8} "III. The trial court erred as a matter of law in denying defendant-appellant's motion for acquittal pursuant to rule 29, Ohio Rules of Criminal Procedure, because there was insufficient evidence to prove each and every element of the offense charged beyond a reasonable doubt."
 {¶ 9} Crim.R. 29(A) governs motions for acquittal and provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction * * *." The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. Id. In essence, sufficiency is a test of adequacy.State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387.
 {¶ 10} The statute under which Howard was convicted provides:
 {¶ 11} "R.C. 2925.11 Possession of drugs. (A) No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 12} A person acts knowingly, regardless of his or her purpose, when that person is aware that his or her conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B). It is necessary to look at all the attendant facts and circumstances in order to determine if a defendant knowingly possessed a controlled substance. State v.Teamer (1998), 82 Ohio St.3d 490, 492. Possession is defined as having "control over a thing or substance," but it may not be inferred, however, solely from "mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).
 {¶ 13} In this case, Howard claims there was no evidence that he knowingly possessed or used any of the drugs found. He argues that his mere presence in the room where the drugs were found is not sufficient. Howard also states that the two persons using the drugs had run from the room when the police entered.
 {¶ 14} Although Howard claims there was no evidence linking the drugs to him, possession can be actual or constructive.State v. Wolery (1976), 46 Ohio St.2d 316, 329; State v.Haynes (1971), 25 Ohio St.2d 264, 267; State v. Barr (1993),86 Ohio App.3d 227, 235. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's immediate physical possession. State v. Hankerson
(1982), 70 Ohio St.2d 87, at the syllabus. As we stated in Statev. Johnson, Cuyahoga App. No. 82340, 2003-Ohio-6634, "while proof of presence in the vicinity of the cocaine is not enough to prove possession, if the evidence presented at trial supports that the cocaine was in the appellant's constructive possession, such as where the appellant was in close proximity to the drugs, a rational trier of fact can conclude that it was within the appellant's dominion or control." Id., citing State v. Pruitt
(1984), 18 Ohio App.3d 50, 58.
 {¶ 15} Moreover, proof by circumstantial evidence is sufficient to support constructive possession. See Jenks,61 Ohio St.3d at 272-73. As recognized in State v. Burnett,
Franklin App. No. 02AP-863, 2003-Ohio-1787, "the mere presence of an individual in the vicinity of illegal drugs is insufficient to establish the element of possession. However, if the evidence demonstrates that the individual was able to exercise dominion or control over the drugs, that individual can be convicted of possession. Circumstantial evidence alone may be sufficient to support the element of constructive possession. `All that is required for constructive possession is some measure of dominion or control over the drugs in question, beyond mere access to them.' [In re Farr (Nov. 9, 1993), Franklin App. No. 93AP-201]. The discovery of readily accessible drugs in close proximity to a person constitutes circumstantial evidence that the person was in constructive possession of the drugs." Burnett, supra (internal citations omitted); see, also, State v. Pavlick, Cuyahoga App. No. 81925, 2003-Ohio-6632 (recognizing readily usable drugs in close proximity to a defendant constitutes circumstantial evidence to support a finding of constructive possession).
 {¶ 16} Applying the foregoing, we note that the state's evidence demonstrated that Howard was found alone in the bedroom where the drugs were confiscated. Therefore, the drugs were in close proximity to Howard. The mere fact that others were in the house does not mean that Howard could not exercise dominion and control over the drugs.
 {¶ 17} Reviewing this evidence in a light most favorable to the prosecution, any rational trier of fact could have found that Howard knowingly possessed crack cocaine and possessed criminal tools.
 {¶ 18} Howard's first and third assignments of error are overruled.
 {¶ 19} "II. The verdict was against the manifest weight of the evidence."
 {¶ 20} In reviewing a claim challenging the manifest weight of the evidence, we are directed as follows: "`[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins, 78 Ohio St.3d at 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 21} The power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. Martin, 20 Ohio App.3d at 175.
 {¶ 22} Howard claims there is no evidence that he had possession of the drugs in the bedroom. Howard testified that he was at the house to pick up Tammy and take her to a party, that he had never been there before, and that he never used drugs. However, there was testimony from the detectives that he was the only one found in the room that contained the drugs, and Howard told police that he was there "to party." Further, the detectives testified that the drugs were found on a blanket on the floor in the bedroom where Howard was found. Howard testified that Tammy and another male were using the drugs before the police came in, but that they ran out of the room, leaving him there with the drugs. Since the weight to be given evidence and the credibility of witnesses are primarily for the trier of fact, it is evident that the court chose to believe that Howard's testimony at trial was untruthful. Although this court may consider the credibility of witnesses in reviewing the record, we accord due deference to the trier of fact because the court had the opportunity to view the witnesses' testimony and adjudge their credibility.
 {¶ 23} In considering the attendant facts and circumstances discussed above, a rational trier of fact could have found Howard knowingly exercised dominion and control over the drugs. It was therefore reasonable for the court to conclude that Howard had constructive possession of the drugs in the bedroom.
 {¶ 24} In light of the foregoing analysis, we cannot say that the court clearly lost its way and created such a manifest miscarriage of justice that the conviction is against the manifest weight of the evidence.
 {¶ 25} Howard's second assignment of error is overruled.
 {¶ 26} "IV. The trial court erred by failing to satisfy the statutory obligation to consider whether community control sanctions would have been consistent with the purposes and principles of felony sentencing as set forth in 2929.11."
 {¶ 27} Howard argues, and the state concedes, that the trial court did not make the requisite findings in accordance with R.C.2929.13(B)(1) when sentencing him to prison as opposed to community control sanctions.
 {¶ 28} Howard was found guilty of a felony of the fifth degree and was sentenced to eleven months in prison. Before an offender convicted of a fourth or fifth degree felony may be sentenced to a prison term, R.C. 2929.13(B)(1) requires that certain factors, delineated in R.C. 2929.13(B)(1)(a)-(i), be considered. Then, R.C. 2929.13(B)(2)(a) requires that the court make one of the findings described in R.C. 2929.13(B)(1)(a)-(i) and, after considering the factors set forth in section 2929.12, find that a prison sentence is consistent with the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as that the offender is not amenable to community control sanctions. If the trial court made the three required findings under R.C.2929.13(B)(2)(a), then the court would have no choice but to impose a prison term. State v. Chandler, Cuyahoga App. No. 81922, 2003-Ohio-3529. Furthermore, the trial court shall state its reasons for imposing a prison term. R.C. 2929.19(B)(2)(a).
 {¶ 29} If a court finds that none of the nine enumerated statutory factors apply, a trial court may still impose prison if it is consistent with the purposes and principles of sentencing, and if the offender is not amenable to community control sanctions. Id. However, the trial court must make a finding and state its reasons either way.
 {¶ 30} In the case at bar, the trial court failed to make any of the necessary findings[1] or state its reasons.
 {¶ 31} Howard's fourth assignment of error is sustained.
Judgment affirmed; sentence vacated and case remanded for resentencing.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., concurs;
 Diane Karpinski, P.J., Concurs (with separate concurringopinion).
[1] Although this writer would find that Blakely v.Washington (2004), 124 S.Ct. 2531, and United States v. Booker
(2004), 125 S.Ct. 738, apply to those portions of Ohio's sentencing scheme that require judicial fact-finding to justify the imposition of any sentence, I am bound by the court's en banc decisions in State v. Lett, Cuyahoga App. Nos. 84707 and 84729,2005-Ohio-2665, and State v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666. Refer to my separate concurring and dissenting opinion in Lett and to Judge James J. Sweeney's dissenting opinion in Atkins-Boozer for the alternative view to the en banc majority.
 CONCURRING OPINION