JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Larry Whitted, appeals his conviction after a bench trial in the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} On May 10, 2006, Detective John Hall and other members of the Cleveland Police Department Fourth District Vice Unit executed a search warrant at 9920 Cumberland, in Cleveland. The warrant was based on a controlled buy that the unit had conducted four days earlier because of complaints of drug activity at that location.
 {¶ 3} During the search of the residence, a .32 caliber handgun was located in the closet of the bedroom, which contained mail addressed to Whitted, as well as male clothing. In addition, Whitted informed police that it was his bedroom. Also, crack cocaine was located under a rug, as well as on the coffee table. Finally, two crack pipes with cocaine residue were located in the living room. Whitted was the only person at the house during the search; the elderly female resident was in the hospital. Whitted was arrested.
 {¶ 4} Bernice Walker, the homeowner, testified on Whitted's behalf. She testified that Whitted lived with her elderly and sickly mother-in-law, and helped take care of her. Walker also testified that the gun belonged to her mother-in-law. The defense presented a notarized handwritten note saying the gun belonged to Willie Louise Steele. *Page 4 
 {¶ 5} Whitted was charged in a six-count indictment. The first three counts were dismissed by the court pursuant to Crim.R. 29. Of the remaining three counts, Whitted was acquitted by the court of count four, but was found guilty of possession of cocaine, a felony of the fifth degree, as well as having a weapon while under disability, a felony of the third degree. Whitted was sentenced to one year in prison. He appeals, advancing two assignments of error for our review, which state the following:
 {¶ 6} "The Defendant's conviction was based upon insufficient evidence, in contravention to his right to Due Process of Law, as protected by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Constitution."
 {¶ 7} "The Defendant's conviction was against the manifest weight of the evidence, in contravention to his right to Due Process of Law, as protected by then Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution."
 {¶ 8} Under these two assignments of error, Whitted argues that there was insufficient evidence that he possessed the drugs and the gun; hence, his conviction is against the manifest weight of the evidence.
 {¶ 9} When an appellate court reviews a record upon a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements *Page 5 
of the crime proven beyond a reasonable doubt.'" State v. Leonard,104 Ohio St.3d 54, 67, 2004-Ohio-6235, quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 10} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. at 68.
 {¶ 11} Possession is defined as having "control over a thing or substance," but it may not be inferred solely from "mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Possession can be actual or constructive. State v. Wolery (1976), 46 Ohio St.2d 316,329; State v. Haynes (1971), 25 Ohio St.2d 264, 267; State v. Barr
(1993), 86 Ohio App.3d 227, 235. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87, at the syllabus. As we have stated, "while proof of presence in the vicinity of the cocaine is not enough to prove *Page 6 
possession, if the evidence presented at trial supports that the cocaine was in the appellant's constructive possession, such as where the appellant was in close proximity to the drugs, a rational trier of fact can conclude that it was within the appellant's dominion or control."State v. Johnson, Cuyahoga App. No. 82340, 2003-Ohio-6634, citingState v. Pruitt (1984), 18 Ohio App.3d 50, 58.
 {¶ 12} Moreover, proof by circumstantial evidence is sufficient to support constructive possession. See Jenks, 61 Ohio St.3d at 272-73. As recognized in State v. Burnett, Franklin App. No. 02AP-863, 2003-Ohio-1787, "the mere presence of an individual in the vicinity of illegal drugs is insufficient to establish the element of possession. However, if the evidence demonstrates that the individual was able to exercise dominion or control over the drugs, that individual can be convicted of possession. Circumstantial evidence alone may be sufficient to support the element of constructive possession. `All that is required for constructive possession is some measure of dominion or control over the drugs in question, beyond mere access to them.' [In re Farr (Nov. 9, 1993), Franklin App. No. 93AP-201.] The discovery of readily accessible drugs in close proximity to a person constitutes circumstantial evidence that the person was in constructive possession of the drugs." See, also,State v. Pavlick, Cuyahoga App. No. 81925, 2003-Ohio-6632 (recognizing readily usable drugs in close proximity to a defendant constitutes circumstantial evidence to support a finding of constructive possession). *Page 7 
 {¶ 13} Applying the foregoing, we note that the state's evidence demonstrated that Whitted was found alone in the residence where the drugs and gun were confiscated. The gun was located in Whitted's bedroom, and the crack pipes were located in the living room. Bernice Walker, Whitted's own witness, testified that Whitted smoked crack cocaine and that her mother-in-law did not. Reviewing this evidence in a light most favorable to the prosecution, any rational trier of fact could have found that Whitted knowingly possessed crack cocaine and possessed the gun. Further, we cannot say that the court clearly lost its way and created such a manifest miscarriage of justice that the conviction is against the manifest weight of the evidence. Accordingly, Whitted's two assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. MCMONAGLE, J., and MARY J. BOYLE, J., CONCUR *Page 1