JOURNAL ENTRY and OPINION
{¶ 1} Appellant Calvin Long appeals his conviction after a jury trial in the Cuyahoga County Court of Common Pleas. On appeal, he assigns the following errors for our review:
"I. The State failed to present sufficient evidence to sustain a conviction."
"II. Appellant's conviction is against the manifest weight of the evidence."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On September 9, 2004, the Cuyahoga County Grand Jury indicted Long on one count each for possession of drugs, with a one year firearm specification, trafficking in drugs, with a one year firearm specification, carrying a concealed weapon, having a weapon while under disability, and possession of criminal tools. Long pled not guilty at his arraignment and the matter proceeded to trial. On December 6, 2004, a jury trial commenced on all counts of the indictment with the exception of the charge of having a weapon while under disability, which was tried to the court. The trial court found Long guilty of having a weapon while under disability.
 JURY TRIAL {¶ 4} At the jury trial on the remaining counts, Officer Robert Dunning of the Village of Newburg Heights Police Department testified he observed a red Ford Mustang traveling seventy-one miles per hour in a sixty miles per hour zone on Interstate 77 at 2:20 a.m. He pursued and stopped the vehicle.
 {¶ 5} Officer Dunning stated that as he approached the stopped vehicle, he observed a driver and a passenger; the passenger was seated directly behind the driver. He observed the passenger was making a marijuana cigar. He asked the driver for his license and insurance, but he had neither. The driver identified himself as Calvin Long and gave his social security number. Officer Dunning returned to the zone car, called for assistance, and prepared traffic citations for driver's license violation, speeding, and seat belt violation.
 {¶ 6} Within minutes, Officer Kenneth Landberg arrived, and they immediately removed the occupants from the vehicle, handcuffed them, and seated them on the curb. While Officer Landsberg searched the vehicle, Officer Dunning observed Long bend over, bring his hands around to pull his shirt, and reach into his front shirt pocket. Long then dumped a small bag of cocaine, lottery tickets, and candy from his pocket. Eventually, Long unsuccessfully tried to bury the drugs.
 {¶ 7} Upon searching the vehicle, the officers recovered a bag of crack cocaine, a bag of marijuana, a loaded nine millimeter handgun, with the serial number filed off, three cells phones, a scale, razor blades, a mirror, and a pager. They also recovered approximately $1,498 from passenger Jerry Lockhart.
 {¶ 8} Officer Landberg testified that when he arrived on the scene to assist Officer Dunning, he observed a little bag of marijuana in the vehicle. After removing the occupants and searching the vehicle, he retrieved a nine millimeter handgun from the floor of the vehicle, under the driver's seat. Additionally, Officer Landsberg testified that he also observed Long retrieve several articles from his front shirt pocket, while his hands were handcuffed from behind.
 {¶ 9} At the conclusion of the trial, the jury found Long guilty of the lesser included offense of possession of drugs, a third degree felony, and to drug trafficking and possession of criminal tools as indicted. The jury acquitted Long of the firearm specification and carrying a concealed weapon.
 {¶ 10} On December 30, 2004, the trial court sentenced Long to a prison term of two years for drug possession, four years for drug trafficking, one year for having a weapon while under disability, and eleven months for possession of criminal tools. The trial court ordered the sentences imposed to be served concurrently. Long now appeals.
 SUFFICIENCY OF EVIDENCE {¶ 11} In his first assigned error, Long argues the State failed to present sufficient evidence to justify his conviction. We disagree.
 {¶ 12} A challenge to the sufficiency of evidence supporting a conviction requires the appellate court to determine whether the State met its burden of production at trial.[1] On review for legal sufficiency, the appellate court's function is to examine evidence admitted at trial and determine whether such evidence, if believed, would convince the average person of the defendant's guilt beyond a reasonable doubt.[2] In making its determination, an appellate court must view the evidence in a light most favorable to the prosecution.[3]
 {¶ 13} Long argues that his conviction for having a weapon while under disability should be reversed.
 {¶ 14} R.C. 2923.13 provides that no person who has been convicted of a felony offense of violence "shall knowingly acquire, have, carry or use any firearm or dangerous ordnance" unless the person has been relieved from disability pursuant to R.C. 2923.14. Long's previous conviction for felony drug possession and drug trafficking
 {¶ 15} qualifies as an offense of violence pursuant to R.C.2901.01(A)(9)(a).
 {¶ 16} A person can either actually or constructively possess a firearm to satisfy the element of "having."[4] Actual possession requires ownership and/or physical control.[5] Actual possession may be inferred when a defendant has exercised dominion and control over the area which the weapon is found.[6] The defendant need not have the object in his immediate physical possession.[7]
 {¶ 17} Ohio courts have routinely held that constructive possession can be established by the fact that a defendant had access to a weapon and had the ability to control its use.[8] Constructive possession and access in particular, may be achieved by means of an agent.[9]
Further, multiple individuals may simultaneously constructively possess a particular weapon.[10]
 {¶ 18} At the trial in the instant matter, the State presented evidence that the loaded weapon was located under the driver's seat in which Long was sitting. Officer Landsberg testified that the butt of the firearm was visible on the floor to the rear of Long's seat, and it was readily accessible to Long. As such, in viewing the evidence in a light most favorable to the prosecution, a reasonable fact finder could have found that Long had access to the weapon, had the ability to control its use, and therefore, constructively possessed the weapon.
 {¶ 19} Next, Long argues that his conviction for drug possession, drug trafficking, and possession of criminal tools was not supported by sufficient evidence.
 {¶ 20} R.C. 2925.11 prohibits knowingly possessing controlled substances, including cocaine. "`Possess' or `possession' means having control over a thing or substance * * *."[11] As previously discussed, possession may be actual or constructive.[12] Also, constructive possession requires some evidence that the person exercised or has the power to exercise dominion or control over the object, even though that object may not be within his immediate physical possession.[13]
Furthermore, two or more persons may jointly possess an item.[14]
 {¶ 21} The uncontradicted evidence in this case reflects that, when Officer Dunning approached the vehicle he observed two occupants. Long was seated in the driver's seat, and Lockhart was seated in the back seat, directly behind Long. After Long and Lockhart were removed from the vehicle, the officers observed Long pulling a bag of crack cocaine out of his front shirt pocket. The bag contained two big rocks and two small rocks of crack cocaine, weighing approximately 6 grams. The subsequent search of the vehicle revealed an additional quantity of crack cocaine, along with a bag of marijuana. Given the power to exercise dominion or ownership over these drugs, we find that, if the jury accepted the undisputed testimony of the officers about these relevant facts, it could have found Long guilty beyond a reasonable doubt of drug possession.
 {¶ 22} We also find, a review of the circumstances of the instant case supports the jury's finding Long guilty of drug trafficking. Under R.C.2925.03(A)(2), a person engages in trafficking of drugs when they prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person. Further, R.C. 2923.03
provides in pertinent part the following:
"(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
"* * *
"(2) Aid or abet another in committing the offense[.]"
 {¶ 23} Here, the State introduced evidence that Long acted to effect the crime of preparing drugs for sale. As previously noted, Long was observed removing a bag of crack cocaine from his front shirt pocket. Further, Long was driving the vehicle in which additional bags of crack cocaine, marijuana, three cell phones, a mirror, razor blades, a scale, and a loaded handgun were found. Finally, Lockart, Long's co-defendant, was seated directly behind him, and had approximately $1,498 on his person. The evidence is overwhelming that Long was an active participant in the preparation of drugs for sale. Accordingly, his conviction for drug trafficking is supported by sufficient evidence, and consequently, we overrule Long's first assigned error.
 MANIFEST WEIGHT {¶ 24} In his second assigned error, Long argues his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 25} Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of evidence.[15]
 {¶ 26} When an appellant challenges a conviction on manifest weight grounds, we review the record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, "and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."[16] The discretionary power to grant a new trial should be exercised only in exceptional cases in which the evidence weighs heavily against the conviction.[17]
 {¶ 27} Stated succinctly, a reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all elements of an offense have been proven beyond a reasonable doubt.[18]
 {¶ 28} Long contends that there was no evidence that he knew that drugs were in the vehicle or that he was involved in drug trafficking. Long cites State v. Miller,[19] a decision from this court, to support his argument. However, Miller is distinguishable from the facts of the instant case. In Miller, we found that there was sufficient evidence to support the conviction for possession, based on the control and dominion that Miller could have asserted over the cocaine that was on the center console, as well as his clear knowledge of its presence. However, we concluded the State failed to prove the trafficking charge because the State's "look-out" theory was too tenuous.
 {¶ 29} Here, unlike Miller, Long was charged under R.C. 2925.03(A)(2), that is, preparation of drugs for sale. As previously discussed, the State presented evidence that Long had crack cocaine on his person, and that additional bags of crack cocaine, along with a quantity of marijuana, was found in the vehicle he was driving. Further, the police found razor blades, a mirror, and a scale in the vehicle, which Officer Landsberg testified were tools to prepare crack cocaine for sale.[20]
Consequently, the police recovered approximately $1,498 in cash from Lockhart, the passenger in the back seat.
 {¶ 30} In light of the foregoing analysis, we cannot say that the court clearly lost its way and created such a manifest miscarriage of justice that the conviction is against the manifest weight of the evidence. Accordingly, Long's second assigned error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Kilbane, J., concur.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380.
[2] Id.; State v. Fryer (1993), 90 Ohio App.3d 37.
[3] Id. at 43.
[4] State v. Messer (1995), 107 Ohio App.3d 51; State v. Hardy
(1978), 60 Ohio App.2d 325, 327.
[5] Hardy at 327.
[6] State v. Williams (Sept. 30, 1997), 10th Dist. No. 97APA02-255;State v. Pitts, 4th Dist. No. 99 CA 2675, 2000 Ohio 1986.
[7] Messer at 56. See, also, State v. Walsson (May 1, 1996), 12th Dist. No. CA95-09-063, at 16, (holding that actual possession existed when a defendant leased an apartment in which a gun was found in a bedroom that also contained objects belonging to the defendant).
[8] State v. Thomas (Oct. 11, 1996), 11th Dist. No. 95-T-5253;Williams, (Sept. 30, 1997), 10th Dist. No. 97APA02-255; See, also, Statev. Wolery (1976), 46 Ohio St.2d 316, (holding that physical possession or ownership of the weapon is not necessary, and mere access to a weapon can establish guilt).
[9] State v. Evans, 10th Dist. No. 01AP-1112, 2002-Ohio-3322.
[10] Pitts at 28.
[11] R.C. 2925.01(K).
[12] State v. Haynes (1971), 25 Ohio St.2d 264, 269-270.
[13] State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus; State v.Wolery (1976), 46 Ohio St.2d 316, 329.
[14] State v. Mann (1993), 93 Ohio App.3d 301, 308; see, also,State v. Correa, (May 15, 1997), Cuyahoga App. No. 70744.
[15] State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
[16] State v. Martin (1983), 20 Ohio App.3d 172,175, citing Tibbs v.Florida (1982), 457 U.S. 31, 38, 42. See, also, State v. Thomkins
(1997), 78 Ohio St.3d 380.
[17] Martin, citing Tibbs. See, also, State v. Thomkins (1997),78 Ohio St.3d 380.
[18] State v. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus; State v. Eley (1978), 56 Ohio St.2d 169, syllabus.
[19] (Mar. 13, 2003), Cuyahoga App. No. 81608.
[20] Tr. at 167.