JOURNAL ENTRY and OPINION
{¶ 1} After a jury found him guilty of four charges in the underlying case, defendant-appellant Shelton Lundy appeals only his conviction for possession of crack cocaine; Lundy also appeals the entire sentence imposed for the four convictions.
 {¶ 2} Lundy argues his conviction for drug possession was not supported by sufficient evidence. He additionally argues the trial court failed to comply with statutory sentencing requirements when it ordered some of the prison terms to be served consecutively.
 {¶ 3} Following a review of the record, this court disagrees with Lundy's arguments. His convictions and sentences, accordingly, are affirmed.
 {¶ 4} Lundy's convictions result from a series of incidents that began in early July 2004. According to prosecution witness Robert Dawson, manager of a steel fabricating shop located on Broadway Avenue in Cleveland, at approximately 10:00 a.m. a white Ford van drove down the alley next to the shop. Since the alley was "blocked off" by a guardrail, the van drew his attention.
 {¶ 5} Dawson went outdoors to watch. The van had turned around and "was sitting there backed in;" a load of old tires was piled in its rear compartment. The driver, whom Dawson identified at trial as Lundy, stood at the back with a few of the tires at his feet. When Lundy saw Dawson, however, he returned to the driver's seat and left. Dawson by that time had written down the van's license plate number.
 {¶ 6} A few days later, a similar incident occurred. This time, Dawson noticed the van driving on Wire Avenue, the "dead end" street on the other side of the shop. He emerged from the shop to see Lundy dumping additional tires. Dawson reported the incident to the police.
 {¶ 7} On July 5, 2004, Kenneth Neidhammer, an officer of the private security company Cuyahoga Valley Patrol, was on duty at approximately 11:30 p.m. in the area of the intersection of Lisbon and Evans Avenues. He watched as a white Ford van with its lights extinguished drove down Lisbon Avenue, turned onto Evans, and stopped. The driver, whom Neidhammer identified as Lundy, exited, proceeded to the rear of the van, opened the doors and "began furiously to throw scrap tires on the pavement."
 {¶ 8} Neidhammer activated his vehicle's lights and sirens. Lundy returned to the driver's seat and drove away. Neidhammer followed; at the intersection of East 96th Street and Woodland Avenue, Lundy stopped the van and fled on foot. He left his passenger, a young woman, who subsequently provided information about him. Neidhammer summoned the Cleveland Police to the scene; thereafter, the van was impounded. Sometime later, a person who produced a title to it retrieved it.
 {¶ 9} On August 10, 2004, Cleveland police officers of the Third District during "roll call" received information about the incidents and were advised to be alert for tire dumping activity. Patrolman Michael Kitchen and his partner were on patrol in the vicinity of Bessemer and Morgan Avenues when they saw the white van. They notified their lieutenant, who helped them to execute a traffic stop.
 {¶ 10} Kitchen testified that as they "pulled up" to the stopped van, their lieutenant was already out of his zone car with his gun drawn; he "yelled * * * that he had observed [Lundy] engaging in some furtive movements where he's reaching underneath where * * * you wouldn't expect somebody [who's] driving." The officers removed Lundy, determined he was alone, and placed him under arrest. Kitchen testified that the lieutenant checked the van and "[l]ocated crack cocaine, two rocks of crack cocaine at (sic) the driver's seat." At trial, Lundy stipulated to the analysis that the rocks weighed .34 grams.
 {¶ 11} Lundy ultimately was indicted on two counts of open dumping of solid waste, R.C. 3734.03, one count of receiving stolen property, R.C. 2913.51, and one count of possession of crack cocaine, R.C. 2925.11. His case proceeded to a jury trial. After hearing the testimony of the state's witnesses, the jury found Lundy guilty of the charges.
 {¶ 12} The trial court obtained a presentence report before imposing a total term of incarceration upon Lundy of six years; i.e., consecutive terms of three years on each of counts one and two, to be served concurrently with concurrent terms of ten months on counts three and four.
 {¶ 13} Lundy presents the following two assignments of error for review:
 {¶ 14} "I. Mere presence is insufficient to sustain a conviction for possession of drugs.
 {¶ 15} "II. The trial court erred in sentencing defendant-appellant to consecutive terms of imprisonment when it did not follow the statutory requirements for the imposition of such a sentence."
 {¶ 16} Lundy argues in his first assignment of error that since the testimony at trial demonstrated he neither owned nor leased the van in which the police found crack cocaine, the trial court wrongly denied his motions for acquittal on the drug charge. This court disagrees.
 {¶ 17} A defendant's motions for acquittal should be denied if the evidence is such that reasonable minds could reach different conclusions as to whether each material element of the crime has been proven beyond a reasonable doubt. State v.Dennis, 79 Ohio St.3d 421, 1997-Ohio-372; State v. Jenks
(1991), 61 Ohio St.3d 259; State v. Bridgeman (1978),55 Ohio St.2d 261. The trial court is required to view the evidence in a light most favorable to the state. State v. Martin (1983),20 Ohio App.3d 172.
 {¶ 18} Mere presence of a person in the vicinity of contraband is not enough to support the element of possession; however, if the evidence demonstrates the defendant was able to exercise dominion or control over the illegal object, even though that object may not be within his immediate physical possession, the defendant can be convicted of violating R.C. 2925.11. Statev. Long, Cuyahoga App. No. 85754, 2005-Ohio-5344, ¶ 16; Statev. Wolery (1976), 46 Ohio St.2d 316; cf., State v. Haynes
(1971), 25 Ohio St.2d 264.
 {¶ 19} Moreover, where an amount of readily usable drugs is in close proximity to a defendant, this constitutes circumstantial evidence to support the conclusion that the defendant was in constructive possession of the drugs. State v.Pruitt (1984), 18 Ohio App.3d 50. Circumstantial evidence alone is sufficient to support the element of constructive possession.State v. Jenks, supra; State v. Hopkins, Cuyahoga App. No. 80652, 2002-Ohio-4586, ¶ 18.
 {¶ 20} In this case, Lundy was seen on at least three occasions driving the van. The final time occurred after the van was retrieved from the police impound lot, thus, it can be inferred that Lundy had permission to drive it. When the police stopped him, he was alone in the van, and apparently attempted to hide something before they removed him. They found the crack cocaine "at the driver's seat."
 {¶ 21} The foregoing evidence sufficiently established Lundy constructively possessed the drugs. State v. Johnson (May 31, 2001), Cuyahoga App. No. 78305; cf., State v. Dunn, Cuyahoga App. No. 83754, 2004-Ohio-4350. Since the trial court, therefore, properly denied his motions for acquittal on this count, Lundy's first assignment of error is overruled.
 {¶ 22} In his second assignment of error, Lundy argues that in imposing consecutive terms for his violation of R.C. 3734.03, the trial court wrongly stated it was not required to comply with R.C. 2929.19(E)(4). The court cited State v. Jackson (Dec. 1, 1997), Lawrence App. No. 97CA2, as authority for its position. In considering Lundy's argument, it is important to note he challenges neither any other comment made by the trial court nor any other portion of the sentencing hearing. Lundy's argument is unpersuasive.
 {¶ 23} The trial court in this case before pronouncing sentence commented that it was "required to" consider a sentence that would "punish the offender" and "protect" the public; thus, it must "consider the need for in (sic) cap[ac]itation, deterrence, rehabilitation, and restitution * * *." The court stated it was responsible to "come up with a sentence which is fair to [the defendant], doesn't diminish the seriousness of what [he has] done, and is consistent with what others received in similar circumstances."
 {¶ 24} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court held that several Ohio sentencing statutes, including R.C. 2929.14(E), were unconstitutional pursuant to Blakely v. Washington (2004) 542 U.S. 296. R.C.2929.14(E) violated principles announced in Blakely, "because the total punishment increases through consecutive sentences only after judicial findings beyond those determined by a jury or stipulated to by a defendant * * *." Foster, at ¶ 67.
 {¶ 25} As a consequence of its constitutional invalidity, R.C. 2929.14(E) was "severed," and trial courts no longer are required to give reasons or make findings prior to imposing consecutive sentences. They generally are required to consider unaffected portions of the sentencing code, such as R.C. 2929.11
and 2929.12. Foster, at ¶ 38.
 {¶ 26} Nevertheless, with regard to a conviction for violation of R.C. 3734.02, this court previously has determined that although a trial court in sentencing an offender must consider the overriding purposes as expressed in R.C. 2929.12, since the violation of an environmental statute results in an unspecified felony, compliance with "specific felony sentencing guidelines [is] impossible." State v. Steiner, Cuyahoga App. Nos. 80488-90, 2002-Ohio-4019, at ¶ 22.
 {¶ 27} The record in this case demonstrates the trial court considered, in accordance with Foster, unaffected portions of Ohio's sentencing scheme. With respect to the first two counts, however, the court stated it was "not bound by" the requirements of R.C. 2929.19 when imposing consecutive sentences. Ultimately, the trial court decided consecutive terms of three years on each count was appropriate.
 {¶ 28} Since the record reflects the trial court correctly determined that Lundy's conviction was not subject to the specific sentencing guidelines contained in R.C. Chapter 2929, and did not rely upon the unconstitutional portions of Ohio's sentencing code in selecting Lundy's sentence on counts one and two, his second assignment of error is overruled. State v.Steiner, supra; State v. Jackson, supra.
 {¶ 29} Lundy's convictions and sentence are affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J. and McMonagle, J. concur.