JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Antonio Davis appeals from his convictions after a trial to the bench for possession of criminal tools and having a weapon while under disability.
 {¶ 2} Davis argues his convictions are supported by neither sufficient evidence nor the weight of the evidence. Following a review of the record, this court disagrees. Davis' convictions, therefore, are affirmed.
 {¶ 3} Beginning in August, 2003 Davis became the subject of a surveillance by the North Olmsted police department as a result of a tip from Lorain police that after being convicted on drug charges in 2001, Davis again was "active" in the same illegal activity. The Lorain police notified their colleagues in North Olmsted because Davis frequented the apartment of his girlfriend, Viviana Perez, who lived in that nearby community.
 {¶ 4} After watching Davis' movements for about a month, North Olmsted narcotics detectives received an arrest warrant from Lorain County for Davis. They elected to serve the warrant on the afternoon of September 25, 2003. They proceeded to Perez's apartment in the company of a SWAT team, which performed the initial entry.
 {¶ 5} SWAT team officer John Guzik, the unit's designated "breacher," hit the door with a battering ram and followed his partners into the apartment. As they entered the rooms to secure them, Guzik proceeded down a hallway. He thus was the first to observe the locations of both Perez and Davis upon the police entry; Perez was in the spare bedroom, and Davis in the apartment's bathroom.
 {¶ 6} After the two occupants were secured, the detectives presented Perez with a consent-to-search form, which she signed. The North Olmsted detectives, who were accompanied by Lorain police detective Albert Rivera, thereupon systematically searched the apartment. During the search, Rivera "checked [into] the lower part of the vanity" in the bathroom and observed "that the corner of the flooring was torn." He "pulled it up" to discover "a gun and some ammunition" concealed there.
 {¶ 7} In pertinent part, the detectives found in the master bedroom Davis' wallet, which contained over $800.00 in cash, and approximately $1200.00 in cash inside the bed's headboard unit. Davis' clothing hung in the bedroom closet, and the detectives located a bullet-proof vest "in the hall closet." Davis acknowledged the officers would additionally see a large bag of marijuana atop one of the kitchen cabinets.
 {¶ 8} Davis subsequently was indicted together with Perez on an indictment that charged both of them with a count of trafficking in marijuana in violation of R.C. 2925.03, with a firearm specification, and a count of possession of criminal tools in violation of R.C. 2923.24. Count three of the indictment further charged Davis with having a weapon while under disability in violation of R.C. 2923.13. Davis later executed a waiver of his right to a jury trial, so the matter proceeded to trial before the court.
 {¶ 9} The state presented the testimony of Perez and several of the police officers involved in the arrest and search, and introduced into evidence some of the items recovered from the apartment as a result of the search. Subsequently, the trial court rendered a finding of not guilty on the charge of trafficking in marijuana, but found Davis guilty of possession of criminal tools and having a weapon while under disability. The court sentenced Davis on the charges to a term of incarceration that totaled one year.
 {¶ 10} Davis challenges his convictions with the following two assignments of error:
 {¶ 11} "I. The state failed to present sufficient evidence to sustain a conviction.
 {¶ 12} "II. Appellant's conviction is against the manifest weight of the evidence."
 {¶ 13} In spite of the phraseology of the foregoing assignments of error, Davis argues his convictions for both of the offenses are improper on the basis that they are unsupported by either sufficient evidence or the weight of the evidence. Davis contends the trial court should have granted his motions for acquittal because the state failed to prove that he "possessed" either the criminal tools or the gun. Davis' argument is unpersuasive.
 {¶ 14} A defendant's motions for acquittal should be denied if the evidence is such that reasonable minds could reach different conclusions as to whether each material element of the crimes has been proven beyond a reasonable doubt. State v.Dennis, 79 Ohio St.3d 421, 1997-Ohio-372; State v. Jenks
(1991), 61 Ohio St.3d 259; State v. Bridgeman (1978),55 Ohio St.2d 261. The trial court is required to view the evidence in a light most favorable to the state. State v. Martin (1983),20 Ohio App.3d 172.
 {¶ 15} With regard to an appellate court's function in reviewing the weight of the evidence, this court is required to consider the entire record and determine whether in resolving any conflicts in the evidence, the trier-of-fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. at 175.
 {¶ 16} Thus, this court must be mindful that the weight of the evidence and the credibility of the witnesses are matters primarily for the trier-of-fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 17} Although the mere presence of a person in the vicinity of contraband is not enough to support the element of possession, if the evidence demonstrates defendant was able to exercise dominion or control over the illegal objects, defendant can be convicted of possession. State v. Wolery (1976),46 Ohio St.2d 316; cf., State v. Haynes (1971), 25 Ohio St.2d 264. Moreover, where contraband is in close proximity to a defendant, this constitutes circumstantial evidence to support the conclusion that the defendant was in constructive possession of the items.State v. Hopkins, Cuyahoga App. No. 80652, 2002-Ohio-4586;State v. Pruitt (1984), 18 Ohio App.3d 50. Circumstantial evidence alone is sufficient to support the element of constructive possession. State v. Jenks, supra; State v.Pavlick, Cuyahoga App. No. 81925, 2003-Ohio-6632.
 {¶ 18} In this case, Guzik testified that upon the entry of the SWAT team, Davis was inside the bathroom where the gun was hidden. The testimony of the other detectives proved Davis acknowledged where the marijuana could be found, and proved Davis' wallet contained a significant amount of cash. From this, the police concluded Davis, who had a previous drug conviction, possessed items, including money and a gun, with a purpose to use them in a criminal manner.
 {¶ 19} Perez admitted that she gave Davis a key to the apartment so that he had complete access to it, that he kept his belongings and clothing there, and that since, at the time of the incident, she was working at two jobs with two lengthy shifts, she was often not there when he was. Perez further corroborated the detectives' conclusion that the gun belonged to Davis by stating that although she had never seen the gun found by Guzik and was unaware a gun had been hidden in the bathroom, she knew Davis had carried a gun because she had a photograph of him with one, she knew that an empty gun case was inside the apartment, and she was aware there was ammunition in her apartment kitchen. She additionally testified Davis owned guns before the two of them moved to this area of Ohio.
 {¶ 20} On similar evidence, this court has determined the state established the requisite element of possession contained in R.C. 2923.24 and R.C. 2923.13. State v. Pavlick, supra;State v. Hopkins, supra. Moreover, since the trial court was in the best position to assess the credibility of the testimony, Davis' convictions are in accord with the weight of the evidence.State v. Wilson (June 9, 1994), Cuyahoga App. Nos. 64442, 64443.
 {¶ 21} Accordingly, Davis' two assignments of error are overruled.
Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Gallagher, J. concur.