[Cite as *State v. Doyle*, 2011-Ohio-4816.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95957**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICHARD DOYLE

DEFENDANT-APPELLANT

**JUDGMENT:
AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-534657

**BEFORE:** Rocco, J., Stewart, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** September 22, 2011

-i-

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 218
Northfield, Ohio 44067

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Louis J. Brodnik
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

**{¶ 1}**  Defendant-appellant Richard Doyle appeals from his convictions for drug trafficking, drug possession,[1] and possession of criminal tools.

**{¶ 2}**  Doyle presents two assignments of error.   He claims his convictions are unsupported by either sufficient evidence or the manifest weight of the evidence.

---

[1]Doyle's convictions for drug possession were "merged" into his trafficking convictions pursuant to R.C. 2941.25(A).

{¶ 3} Upon a review of the record, this court cannot agree. Therefore, his convictions are affirmed.

{¶ 4} Doyle's convictions resulted from a shooting incident that occurred on the night of February 23, 2010. While Virginia Journee and her daughter Brijae were watching television in the living room in Euclid, Ohio, a bullet came through the window and struck the couch where Brijae was seated. Virginia called the police; she also called her older daughter, Brittni, to check on her welfare.

{¶ 5} After learning of the incident, Brittni indicated to Euclid police detectives that she believed she knew the perpetrator. She told the detectives that Doyle may have committed the shooting.

{¶ 6} Brittni based her surmise on three facts. She had purchased marijuana from Doyle on numerous occasions. The previous time she was in Doyle's company, he accused her of stealing some marijuana from his vehicle, so he was angry with her. On the night of the shooting, she received several text messages on her cell phone from Doyle; in which he sounded threatening and later seemed to know that the shooting had taken place.

{¶ 7} Upon obtaining this information, the Euclid police detectives obtained a warrant to search Doyle's home for evidence of the shooting.

They executed the warrant later that same day at Doyle's home on Bernard Avenue in Cleveland.

{¶ 8} Doyle lived in the downstairs unit of a duplex with his girlfriend, Dominique Hubbard, and her three young children. In searching Doyle's home, Det. David Carpenter made the following discoveries.

{¶ 9} In the master bedroom, the top dresser drawer held a child's shoe box that contained "marijuana packaged for resale, a digital scale, and approximately 140-some odd dollars and two boxes of sandwich bags * * * ."[2]

{¶ 10} In the basement, behind a black garbage bag placed inside the wall opening where the pipes were located, "tucked in the rafters above the washer/dryer [set for] the downstairs unit," Carpenter found "two Mason jars; one of them with marijuana residue, one of them full of raw marijuana, and also a bag with a large quantity of crack cocaine, almost like * * * a cookie" that was not yet "broken up into rocks."

{¶ 11} In the kitchen, under the sink, plastic grocery bags concealed a six-count box of Mason jars, with two of the jars missing. Under the box, Carpenter found a "small cocaine press."

{¶ 12} The Cuyahoga County Grand Jury subsequently indicted Doyle on eleven counts. The first six pertained to the shooting incident; since

---

[2]Quotes indicate testimony given at trial.

Doyle ultimately was acquitted of these charges, they are not the subject of this appeal.

{¶ 13} In Counts 7 and 9, Doyle was charged with trafficking in marijuana and crack cocaine. He was charged with possession of marijuana and crack cocaine in Counts 8 and 10, and with possessing criminal tools in Count 11.

{¶ 14} After the state presented its case-in-chief, the trial court denied Doyle's Crim.R. 29 motion for acquittal.[3] Doyle then testified in his own behalf and presented Hubbard's testimony.

{¶ 15} The jury subsequently found Doyle guilty of Counts 7 through 11. At sentencing, the trial court merged Count 8 into Count 7 and Count 10 into Count 9, then sentenced Doyle to concurrent terms of four years on Counts 7 and 9 and six months on Count 11.

{¶ 16} Doyle appeals from his convictions; he presents the following two assignments of error, which are set forth verbatim.

{¶ 17} "I. **The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that appellant was**

---

[3]The record reflects Doyle failed to renew his motion at the close of all the evidence.

**guilty of drug possession, possessing criminal tools, and drug trafficking.**

**{¶ 18} "II.     Appellant's convictions for drug possession, possessing criminal tools, having a weapon while under disability, carrying a concealed weapon, and drug trafficking were against the manifest weight of the evidence."**

{¶ 19} Doyle argues his convictions are supported by neither sufficient evidence nor the manifest weight of the evidence.   This court disagrees.

{¶ 20} With respect to a challenge to the sufficiency of the evidence to support a conviction, the appellate court reviews the record to determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."   *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶77, quoting *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.   See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 485 N.E.2d 717.

{¶ 21} In reviewing a claim challenging the manifest weight of the evidence, "[t]he question to be answered is whether there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt.   In conducting this review, [the

appellate court] must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." (Internal quotes and citations omitted.) *Leonard* at ¶81. This court must be mindful, however, that the weight of the evidence and the credibility of the witnesses are matters primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.

{¶ 22} Doyle was convicted of trafficking in and possession of cocaine and marijuana, and possession of criminal tools.[4] As to each, Doyle argues that the evidence was inadequate as a matter of law to prove that he "possessed" the items of contraband police found inside his home.

{¶ 23} R.C. 2925.01(K) defines possession as, " * * * having control over a thing or substance," but possession "may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession can be actual or constructive. *State v. Wolery* (1976), 46 Ohio St.2d 316, 329, 348 N.E.2d 351; *State v. Haynes* (1971), 25 Ohio St.2d 264, 267, 267 N.E.2d 787.

---

[4]Despite the phraseology of Doyle's second assignment of error, he was not convicted of having a weapon while under disability, and was not even charged with carrying a concealed weapon.

**{¶ 24}** Actual possession entails ownership or physical control, whereas constructive possession is defined as knowingly exercising dominion and control over an object, even though that object may not be within one's immediate physical possession. *State v. Hankerson* (1982), 70 Ohio St.2d 87, 91, 434 N.E.2d 1362. In this case, since the items of contraband were found inside Doyle's home but not actually on his person, the state had to prove that he constructively possessed them.

**{¶ 25}** The state may show dominion and control solely by circumstantial evidence. *State v. Trembly* (2000), 137 Ohio App.3d 134, 141, 738 N.E.2d 93. Circumstantial evidence possesses the same probative value as direct evidence as far as the jury's fact-finding function is concerned. *Jenks*.

**{¶ 26}** In this case, sufficient evidence supported each of Doyle's convictions. Brittni testified she bought marijuana from Doyle. Moreover, in executing the search warrant for Doyle's home, Carpenter found "maybe 11" small packages of marijuana inside Doyle's dresser drawer.

**{¶ 27}** Carpenter also found there "two boxes of Good Sense sandwich bags" and a digital scale. Carpenter testified that, in his experience as a detective, "where you find drugs packaged for resale, often times you find packaging material close by," so "it's not unusual to find sandwich bags in

someone's dresser drawer or closet nearby when they're engaging in drug trafficking."

{¶ 28} In the portion of the basement set aside for the duplex's downstairs unit, hidden "in the rafters" behind a black trash bag, Carpenter found a bulk amount of marijuana in a Mason jar; he stated that the type of marijuana the jar contained seemed to him the same as what was inside the smaller bags in the dresser. Carpenter testified that, when he observed Doyle taking the trash out to the curb before the police executed the search warrant, Doyle was carrying the same kind of black trash bag that concealed the drugs.

{¶ 29} In the same location as the jar of marijuana, moreover, Carpenter also found a plastic bag that contained a "cookie" of crack cocaine. Carpenter explained that, typically, this "size of crack" would be "broken up into rocks

{¶ 30} * * * for street sale." Upstairs, under the kitchen sink, Carpenter saw a "cocaine press." He testified that this item "enables a drug dealer to take a smaller quantity of cocaine, say an ounce, and double or triple the amount of cocaine that he has by adding a cutting agent to it * * * ."

{¶ 31} Without objection, Carpenter estimated the value of the drugs he found in Doyle's home. The amount of marijuana was worth "roughly $750," while the crack cocaine had a "ballpark $4,000 bulk price."

**{¶ 32}** Viewing the evidence presented by the state in a light most favorable to the prosecution, the jury could conclude the state proved each of the elements of the offenses with which Doyle was charged. *State v. Hall*, Cuyahoga App. No. 91786, 2009-Ohio-3287; *State v. Santiago*, Cuyahoga App. No. 95333, 2011-Ohio-1691. Sufficient evidence, therefore, supported Doyle's convictions.

**{¶ 33}** Adding to the state's evidence, Doyle admitted on direct examination that he used marijuana to ease his leg pain, and that he "was selling weed a little — well, a little bit." Hubbard acknowledged she knew Doyle kept marijuana in the drawer.

**{¶ 34}** On the other hand, Doyle denied either knowing about the existence of the crack cocaine or engaging in the sale of crack cocaine. He admitted he knew the cocaine press was under the kitchen sink, but claimed he "didn't know what it was."

**{¶ 35}** The jury was in the best position to evaluate Doyle's credibility with respect to the charges against him. In light of the jury's determination that Doyle was not guilty of the counts relating to the shooting incident, this court cannot find the jury lost its way in finding him guilty of the drug-related offenses. *Hall*; *Santiago*; see, also, *State v. Davis*, Cuyahoga

App. No. 86114, 2005-Ohio-6721. Doyle's convictions, therefore, are not against the manifest weight of the evidence.

**{¶ 36}** Accordingly, Doyle's assignments of error are overruled.

**{¶ 37}** His convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR